UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHANE LEWIS**, and
**JACOB JOHNSON**　　　　　　　　　　　Case No.　　　　　　cv

　　　　　　Plaintiffs,
vs.　　　　　　　　　　　　　　　　　　　　Hon.

**THE RJ MARSHALL COMPANY,**

　　　　　　Defendant.
_____/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
*Attorneys for Plaintiff*
7700 Second Ave., Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
rparee@millercohen.com
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

　　　　　There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.
　　　　　*/s/ Ryan A. Paree*

**NOW COME** Plaintiffs, Shane Lewis and Jacob Johnson, by and through their attorneys, Miller Cohen, P.L.C., and for their Complaint against Defendant, the RJ Marshall Company, state as follows:

## PARTIES

1. Plaintiff Shane Lewis ("Lewis") is a black man who resides in Ohio, but worked in Michigan at all times relevant herein.

2. Plaintiff Jacob Johnson ("Johnson") is a white man who resides in Ohio, but worked in Michigan at all times relevant herein.

3. Defendant RJ Marshall Company ("Defendant") is a company registered in Southfield, MI, and which operates at least one other location in Erie, Michigan.

## JURISDICITON AND VENUE

4. This Court has original jurisdiction over Plaintiffs' claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as well as 42 U.S.C. 1981.

5. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. In November 2021, Johnson was hired as the plant manager of Defendant's Erie Plant (the "Plant").

8. Johnson immediately encountered significant racism from both employees and management at the Plant.

9. His third week on the job, Johnson met the owner, Rick Marshall, who commented that Defendant was forced to close their Detroit plan because "niggers" had moved into the neighborhood and brought the plant down.

10. In March of 2022, Johnson hired Lewis as the assistant plant manager.

11. Almost immediately, Lewis was subjected to significant racism, again from employees and management.

12. Among other issues, Lewis was repeatedly called "nigger," and employees and management regularly told him that he probably has several children because he is black.

13. Johnson and Lewis both reported the racism to supervisors and management, including Defendant's H.R. department.

14. In response, Johnson was instructed to remove Lewis from his assistant manager position.

15. Johnson refused to remove Lewis, instead insisting that Lewis was highly qualified for his position and that removing him would be discriminatory retaliation.

16. On or about December 14, 2022, the Plant was undergoing a state mandated health inspection.

17. Johnson was off that morning, leaving Lewis was in charge during his absence.

18. Johnson received a call from Rick Marshall that day saying that Lewis was to be kept away from OSHA and that he could not open his mouth, because he believed Lewis was too unintelligent to represent the company during the inspection.

19. On or about December 29, 2022, Lewis was called a derogatory name by a subordinate employee.

20. In response, and with Johnson's approval, Lewis fired the employee.

21. Immediately following the termination, upper management reinstated the employee without penalty.

22. Johnson objected to the reinstatement, informing the owners of the subordinate's racist conduct, but management ignored his objections.

23. The racism continued, with Lewis being subjected to a constant bombardment of racial slurs.

24. On or about January 12, 2023, Johnson filed a complaint after the Plant's administrative assistant called Lewis a "nigger."

25. The complaint was filed with H.R. and upper management.

26. The complaint was subsequently disregarded without any action taken against the assistant.

27. Instead, Johnson was terminated in retaliation for his complaint; Lewis was terminated approximately an hour later for the same reason.

28. Following their terminations, both Lewis and Johnson have suffered *significant* losses, including front and back wages, as well as costs associated with inability to pay bills and massive hits to their credit scores. Both men have suffered periods of homelessness and loss of assets; and have suffered emotional trauma as well.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RACE DISCRIMINATION – LEWIS

29. Plaintiffs incorporate by reference all preceding paragraphs.

30. Plaintiffs were employees of Defendant as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(f).

31. Lewis is a black man.

32. Defendant is an employer as defined by Title VII, 42 U.S.C. § 2000e(b). It has more than 15 employees and is engaged in an industry effecting commerce.

33. In violation of Title VII, 42 U.S.C. § 2000e-2(a), Defendant discriminated against Lewis by subjecting him to a hostile work environment and terminating him because of his race, without cause.

34. As a result of Defendant's discrimination, Lewis has suffered significant damages, including lost wages, and suffered emotional harm.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay,

front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages, and all other such relief this Court deems just and equitable. Plaintiff also requests this Court award attorney's fees and costs.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION – BOTH PLAINTIFFS

35. Plaintiffs incorporate by reference all preceding paragraphs.

36. As stated in Count I, Plaintiffs were employees of Defendant, and Defendant is an employer as defined by Title VII.

37. Both Lewis and Johnson complained of racial discrimination and opposed the hostile work environment and attempted demotion/termination of Lewis by the Defendant.

38. Defendant had knowledge of Plaintiffs' complaints.

39. In violation of Title VII, 42 U.S.C. § 2000e-3(a), Defendant retaliated against Plaintiffs for their protected activity.

WHEREFORE Plaintiffs respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay, front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages, and all other such relief this Court deems just and equitable. Plaintiffs also requests this Court award attorney's fees and costs.

## COUNT III
## MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT – RACE DISCRIMINATION – LEWIS

40. Plaintiffs incorporate by reference all preceding paragraphs.

41. Plaintiffs were employees of Defendant as defined by Michigan's Elliott-Larsen Civil Rights Act ("Elliott-Larsen"), M.C.L. § 37.2201(a).

42. Lewis is a black man.

43. In violation of Elliott-Larsen, M.C.L. § 37.2202, Defendant discriminated against Lewis by subjecting him to a hostile work environment and terminating him because of his race, without cause.

44. As a result of Defendant's discrimination, Lewis has suffered significant damages, including lost wages, and suffered emotional harm.

WHEREFORE Plaintiff respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay, front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages, and all other such relief this Court deems just and equitable. Plaintiff also requests this Court award attorney's fees and costs.

## COUNT IV
## MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION – BOTH PLAINTIFFS

45. Plaintiffs incorporate by reference all preceding paragraphs.

46. As stated in Count III, Plaintiffs were employees of Defendant, and Defendant is an employer as defined by Elliott-Larsen.

47. Both Lewis and Johnson complained of racial discrimination and opposed the hostile work environment and attempted demotion/termination of Lewis by the Defendant.

48. Defendant had knowledge of Plaintiffs' complaints.

49. In violation of Elliott-Larsen, M.C.L. § 37.2701, Defendant retaliated against Plaintiffs for their protected activity.

WHEREFORE Plaintiffs respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay, front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages, and all other such relief this Court deems just and equitable. Plaintiff also requests this Court award attorney's fees and costs.

### COUNT V
### 42 U.S.C. 1981 – RACIAL HARASSMENT AND DISCRIMINATION – LEWIS

50. Plaintiffs incorporate by reference all preceding paragraphs.

51. 42 U.S.C. 1981 prohibits racial discrimination by both governmental and private actors.

52. Plaintiff Lewis is a black man.

53. Lewis faced intentional harassment and discrimination based on race.

8

54. Defendant and its agents were well aware of the rampant and continuous racial harassment and discrimination faced by Lewis and repeatedly disregarded his pleas for help and refused to initial corrective measures.

55. Defendant is liable for the harassment and discrimination and retaliatory hostile environment experienced by Lewis.

56. Defendant terminated Lewis for a racially discriminatory reason, without cause.

WHEREFORE Plaintiffs respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay, front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages; orders Defendant to implement corrective measures, such as mandatory training of supervisory personnel and employees; and all other such relief this Court deems just and equitable. Plaintiff also requests this Court award attorney's fees and costs.

## COUNT VI
## 42 U.S.C. 1981 – RETALIATION – BOTH PLAINTIFFS

57. Plaintiffs incorporate by reference all preceding paragraphs.

58. 42 U.S.C. 1981 prohibits retaliation by employers against individuals who oppose violations of section 1981.

59. Plaintiffs opposed violations of section 1981.

60.     Defendant knew, or had reason to know, that Plaintiffs opposed violations of 1981.

61.     Defendant ultimately terminated both Plaintiffs in retaliation for their opposition to Defendant's racially discriminatory and harassing conduct.

WHEREFORE Plaintiffs respectfully requests this Honorable court to enter a judgment, holding Defendants liable for compensatory damages including; back pay, front pay, back and front benefits, embarrassment and humiliation, pain and suffering, harm to reputation, punitive damages; orders Defendant to implement corrective measures, such as mandatory training of supervisory personnel and employees; and all other such relief this Court deems just and equitable. Plaintiff also requests this Court award attorney's fees and costs.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Ryan A. Paree
Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
*Attorneys for Plaintiff*
7700 Second Ave., Suite 335
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
rparee@millercohen.com

Dated: October 25, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHANE LEWIS**, and
**JACOB JOHNSON**                    Case No.                    cv

      Plaintiffs,
vs.                                                   Hon.

**THE RJ MARSHALL COMPANY,**

      Defendant.
_____/
**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
*Attorneys for Plaintiff*
7700 Second Ave., Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
rparee@millercohen.com
_____/

## **DEMAND FOR TRIAL BY JURY**

**NOW COME** Plaintiffs, **SHANE LEWIS AND JAKE JOHNSON**, by their attorneys, **MILLER COHEN, P.L.C.**, to hereby demand a trial by jury for all issues so triable.

[SIGNATURES NEXT PAGE]

11

                                           By:    /s/Ryan A. Paree
                                                    Keith D. Flynn (P74192)
                                                    Ryan A. Paree (P80345)
                                                    *Attorneys for Plaintiff*
                                                    7700 Second Ave., Suite 335
                                                    Detroit, MI  48226
                                                    (313) 964-4454 Phone
                                                    (313) 964-4490 Fax
                                                    kflynn@millercohen.com
                                                    rparee@millercohen.com

Dated: October 25, 2024